UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL CORTEZ BARLAG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-408-HAB-SLC |
| DAVID J. GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Daniel Cortez Barlag, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Barlag is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Barlag is being detained at the Allen County Jail awaiting trial. He claims that on October 19, 2022, a piece of "legal mail" was "given back to me unopened or not tampered with in original envelope." He explains that he was trying to send "MAJOR

evidence pertaining to criminal cases" to the Central Intelligence Agency. It can be discerned from the attachments that his package was returned to him because he did not submit enough postage. He was told he needed to pay additional postage of $1.44, but he believes this was unfair or unjustified, because he sent the same size packages to "the FBI and the NSA" without issue. Based on these events, he sues Sheriff David Gladieux and three correctional officers for monetary damages for "tampering with federal mail."

Inmates have a First Amendment right to send and receive mail *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Legal mail cannot be opened outside the inmate's presence so as to protect his privileged communications with his attorney, but it must be "marked with an attorney's name" and contain "a warning that the letter is legal mail." *Id.*

Here, jail staff did not open mail to or from Mr. Barlag's attorney. Rather, he complains that a package of unspecified materials he was trying to send to the CIA was not mailed. Such mail is not considered "legal mail." *Id.* Furthermore, it is evident from his allegations that jail staff did not tamper with or confiscate the mail. They merely told him he needed to pay additional postage for it to be sent. The First Amendment does not entitle him to "unlimited free postage" for non-legal mail. *Ingram v. Jones*, 507 F.3d 640, 645 (7th Cir. 2007); *see also Henderson v. Frank*, 293 F. App'x 410, 415 (7th Cir. 2008) (inmate had no constitutional right to subsidized postage to send mail to his Senator);

2

*Smith v. Lemmon*, No. 1:11-CV-00785-WTL, 2014 WL 111116, at *3 (S.D. Ind. Jan. 10, 2014) (inmate had no First Amendment right to free postage for personal correspondence). Nor does he allege that he was unable to pay the $1.44; he simply believes he should not have had to do so on principle.[1] His allegations do not state a plausible First Amendment claim. To the extent he is claiming that jail policies were violated in connection with the handling of his mail, this cannot form the basis for liability under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **January 17, 2023**, to file an amended complaint if he so chooses; and

---

[1] Ledgers submitted with his in forma pauperis motion reflect that as of the end of September 2022, he had approximately $30 in his inmate trust account. (ECF 2-1 at 1.)

3

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on December 12, 2022.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT