UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL CORTEZ BARLAG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-408-HAB-SLC |
| DAVID J. GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Daniel Cortez Barlag, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 6.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Barlag is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court concluded that Mr. Barlag's original complaint was subject to dismissal under 28 U.S.C. § 1915A, but afforded him an opportunity to file an amended complaint before dismissing the case. He responded with the present filing. His amended

complaint supersedes the earlier complaint and controls the case from this point forward.[1] *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

Mr. Barlag is a pretrial detainee at the Allen County Jail. He claims that on October 19, 2022, a package he was sending to the Central Intelligence Agency was "never sent to the post office." It can be discerned that jail staff returned the package to him telling him he did not submit enough postage. He believes this was false, because packages he sent to his attorney, the Federal Bureau of Investigation, and the National Security Agency around this time were mailed out to the recipients without issue. He believes jail staff opened the package to the CIA and "resealed [it] with a glue stick." Based on these events, he sues Sheriff David Gladieux and three correctional officers for money damages and other relief.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is entitled to greater protection, but this is a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Legal mail cannot be opened outside the inmate's presence so as to protect his privileged communications with his attorney, but it must be "marked with an attorney's name" and contain "a warning that the letter is legal mail." *Id.*

---

[1] In places the amended complaint reads more like a response to the court's screening order than a complaint containing factual allegations. Nevertheless, the court has endeavored to discern his factual allegations from this filing and to give them liberal construction.

As outlined in the original screening order, Mr. Barlag's package to the CIA did not constitute "legal" mail. An inmate's non-legal mail can be opened and inspected for contraband outside of his presence without violating the First Amendment. *Kaufman*, 419 F.3d at 686; *Rowe*, 196 F.3d at 782. Even if the amended complaint could be read to allege improper handling of his mail on this one occasion, isolated delays or disruptions to an inmate's mail do not trigger a constitutional claim. *Rowe*, 196 F.3d at 782. He makes clear that other mail he sent recently was mailed without issue. To the extent he is claiming that jail policies were violated in connection with the handling of his mail, this cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A. The clerk is DIRECTED to close this case.

SO ORDERED on January 23, 2023.

> s/Holly A. Brady
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT